STATE of North Dakota, Plaintiff and Appellee,

v.

Gary A. TURNER and Adeline Turner, Defendants and Appellants.

Civ. No. 870100.

Supreme Court of North Dakota.

Oct. 20, 1987.

Carla J. Smith, Asst. Atty. Gen., Bismarck, for plaintiff and appellee.

Gary A. Turner and Adeline Turner, Three Forks, Montana, pro se.

VANDE WALLE, Justice.

Gary Turner and Adeline Turner appealed from a summary judgment awarding the State back taxes, a penalty, and interest. We affirm.

In 1984 the office of the North Dakota State Tax Commissioner (Tax Commission-

er) assessed an additional tax on the Turners' based upon an Internal Revenue Service audit of the Turners' 1980 Federal income-tax return which increased the Turners' taxable income. After receiving notice of the assessment the Turners filed a protest pursuant to Section 57–38–39(3), N.D.C.C. After considering the protest the Tax Commissioner mailed a notice of reconsideration and assessment to the Turners informing them that no change in the assessment would be made and that it would become final and irrevocable unless the Turners commenced a formal administrative review within 30 days. The Turners did not respond within 30 days.

The Turners contend that summary judgment on the basis that the assessment was final and irrevocable was improvidently granted, even though Section 57–38–39(5) provides that an assessment becomes final and irrevocable where a taxpayer fails to begin a formal administrative review within 30 days of receiving a notice of reconsideration and assessment. We affirm under Rule 35.1(a)(6), N.D.R.App.P.

On appeal, the Tax Commissioner has asked that we require the Turners to reimburse the Tax Commissioner for the cost of producing the appendix in this appeal. The Turners are the appellants in this case. Rule 30, N.D.R.App.P., provides that the "appellant shall prepare and file a separately bound appendix to the briefs ..." The Tax Commissioner notes that the Turners did not prepare an appendix, and because of this the Tax Commissioner prepared an appendix containing relevant documents.

We have previously stated that all appellate rules must be complied with. *Matter of Estate of Raketti*, 340 N.W.2d 894 (N.D.1983). Thus we believe it is proper to require the Turners to reimburse the Tax Commissioner for preparing an appendix, which was the duty of the Turners to perform. Therefore, we assess the cost of the appendix in the amount of $250 against the Turners.

The summary judgment is affirmed. The cost of the appendix is awarded to the Tax Commissioner.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.